# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

|  | Case No. 12cv345-JPH |
|---|---|
| JOHN H. OKERT, | |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14 and 16. Attorney Rebecca M. Coufal represents plaintiff (Okert). Special Assistant United States Attorney Terrye E. Shea represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 16.

## JURISDICTION

Okert protectively applied for disability insurance benefits (DIB) and supplemental security income (SSI) benefits on August 13, 2009, alleging an amended onset date of March 31, 2008 (Tr. 38-40, 144-50, 151-55). The claims were

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 1

1    denied initially and on reconsideration (Tr. 82-85, 92-95).

2         Administrative Law Judge (ALJ) James W. Sherry held a hearing November

3    23, 2010. Okert, represented by counsel, and a vocational expert testified (Tr. 36-

4    77). At the hearing Okert amended the onset date to March 31, 2008 (Tr. 38-40, 49).

5    On January 7, 2011, the ALJ issued an unfavorable decision (Tr. 19-29). The

6    Appeals Council denied review April 13, 2012 (Tr. 1-5), making the ALJ's decision

7    final. Okert filed this appeal pursuant to 42 U.S.C. §§ 405(g) on May 10,  2012. ECF

8    No. 1, 5.

9                              **STATEMENT OF FACTS**

10        The facts have been presented in the administrative hearing transcript, the

11   ALJ's decision and the parties' briefs. They are only briefly summarized here and

12   throughout this order as necessary to explain the Court's decision.

13        Okert was 60 years old at onset and 62 at the hearing. Okert graduated from

14   high school and attended college for at least four years. He earned a college degree

15   in Business Administration and Hotel and Restaurant [Management]. He has been

16   certified as a loan officer and licensed as a broker. He has held several jobs,

17   including  network operator, mortgage loan interviewer, loan officer and brokerage

18   office manager. Okert is six feet one inch tall and weighs 464-480 pounds. He was

19   receiving unemployment benefits at the time of the hearing, and last worked in

20   March 2009. He alleges physical and mental limitations (Tr. 41-44, 47, 49-64, 66,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 2

141-42, 181-82, 247, 256).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 3

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 4

met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*,

348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**ALJ'S FINDINGS**

ALJ Sherry found Okert met the insured status requirements of the Act and was insured through February 28, 2014.  [Plaintiff correctly notes records show the year should be 2013. ECF No. 15 at 2, citing Tr. 167, but here the error is clearly harmless.] At step one the ALJ found Okert engaged in SGA after onset,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 6

specifically, the first and second quarters of 2009 (Tr.  21), contrary to Okert's allegation. ECF No. 15 at 2. Okert alleges the work was an unsuccessful work attempt because he was fired due to his impairments. The ALJ found otherwise, correctly noting it is only Okert's  statement that supports this allegation because the record shows he was fired for cause. At steps two and three, the ALJ found Okert suffers from degenerative disc disease of the lumbar and cervical spine, status post cervical fusion; degenerative joint disease of the bilateral knees, degenerative joint disease of the right shoulder; bilateral shoulder impingement; history of hiatal hernia and obesity, impairments that are severe but do not meet or medically equal a Listed impairment  (Tr. 22, 25).

The ALJ found Okert is able to perform a range of sedentary work but requires mainly a sit/stand option  (Tr. 25-26).  At step four, relying on the VE, he found Okert is able to perform his past relevant work as a loan officer, brokerage office manager and mortgage loan interviewer (Tr. 28). Accordingly, the ALJ relied on the VE's testimony and found at step four Okert is not disabled as defined by the Act  (Tr. 28-29).

**ISSUES**

Okert alleges the ALJ should have found him credible and more limited than he did. He alleges the ALJ erred when he weighed the evidence and failed to fully develop the record by not calling medical experts to testify whether a Listing was

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 7

met. ECF No. 15 at 4, 10-19. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks us to affirm. ECF No. 17 at 19.

## DISCUSSION

*A. Credibility*

Okert alleges the ALJ's credibility assessment is flawed. ECF No. 15 at 15-16 and n. 9.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Okert apparently alleges the ALJ should have credited testimony that he experiences pain and "foggy thinking," and improperly rejected his testimony by relying only on "boilerplate" language. ECF No. 15 at 11-12, 15-16, n. 9).          .

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 8

The ALJ found Okert less than credible for multiple reasons. He notes the lack of *any* mental health treatment, and minimal medical treatment: four medical after visits after onset (Tr, 23, 27 citing Tr. 236-43)(emphasis added). Okert was able to work in 2009, after onset, and other than increased degenerative changes in the knees, there is no evidence his medical condition worsened. The ability to work in the past for 3-4 months at SGA levels with the same impairments strongly suggests he could do so currently (Tr. 27, citing earnings documentation at Ex. 5D-7D, and knee changes since 2005 at Ex. 7F/9). At the hearing Okert testified he was receiving unemployment benefits, requiring "him to certify that he is ready, willing and able to work." (Tr. 27,  citing  Ex. 5; testimony at Tr. 43).

The ALJ relied on daily activities and objective test results that are inconsistent with claimed limitations.  Activities such as shopping, driving, using the computer, laundry, cooking, cleaning, playing cards and attending parties are inconsistent with allegedly disabling mental and physical limitations (Tr. 23-24, citing Ex. 4E, 6F/4, 7F/3).

Allegedly severe memory problems are inconsistent with objective test results (Tr. 23-24, citing Dr. Rosekrans's  November 2009 report at Tr. 247-52). Allegedly severe physical limitations are contradicted by normal findings on examination, including 5/5 muscle strength in all limbs and normal muscle tone and bulk, as well as normal sensation and reflexes (Tr. 26, citing Tr. 256-58). Although lack of

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ's reasons are clear, convincing and supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (extent of daily activities properly considered);  *Burch,* 400 F.3d at 680 (lack of consistent treatment properly considered); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)(if claimant performs activities involving many of the same physical tasks as a particular type of job it "would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the  claimant from working.")  In this case, Okert worked after onset.

The reason Okert offers for re-weighing credibility is not persuasive. The ALJ did not merely cite boilerplate when he assessed Okert's credibility. The ALJ's assessment is free from harmful legal error. It is supported by clear and convincing reasons that are supported by substantial evidence. Even when evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

### *B. Evidence of mental limitation*

Okert alleges the ALJ should have found he suffers from the severe mental

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

impairments of depression and adjustment disorder. ECF No. 15 at 11-13; 19. The Commissioner responds that a mere diagnosis does not presumptively mean limitations are suffered as a result, and  the ALJ properly considered and discussed the evidence of mental limitations. ECF No. 17 at 11-15.

Impairments that pose no additional functional limitations on the ability to work are, by definition, non-severe. See 20 C.F.R. §§ 404.1520(b), 416.920(b); Social Security Ruling (SSR) 96-3p. The complete lack of mental health treatment supports the ALJ's step two determination. Okert's ability to work at SGA levels for three months after onset supports finding he did not suffer functional limits on the ability to work as a result of mental impairments. The ALJ notes Okert's application did not allege mental limitations but said he thought medication was affecting his memory. Okert testified he is depressed because of his physical limitations and inability to work, but that is his only testimony relating to depression. Agency reviewers opined mental impairments are non-severe. Okert never complained of depression or reported symptoms to his treating physician. Daily activities, as noted, are inconsistent with finding more than minimal functional limitations. The ALJ considered Okert's credibility  (Tr. 23-25; Tr. 174-82, 215-20).

Okert alleges the ALJ should have accepted Dr. Rosekrans's diagnosis (and assessed GAF of 40) and found severe mental limitations. He implies the ALJ's rejection was based solely on Okert's ability to work after onset, ECF No. 15 at 13,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 11

but, as noted above, the ALJ considered the entire record when he found no severe mental impairment at step two. The ALJ correctly considered State non-examining physicians' opinions because other evidence supports their findings. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ also notes test results showed mental functioning was within normal limits, including memory. Dr. Rosekrans noted Okert possessed good social skills, judgment and insight. He had a good fund of information and followed directions well. He was pleasant, cooperative and nicely groomed This is inconsistent with Dr. Rosekrans's assessed GAF of 40 indicating serious symptoms or impairment in several areas (Tr. 23-25; Tr. 248-52). An ALJ may properly reject any opinion that is brief, conclusory and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Okert does not detail what mental limitations follow from allegedly severe mental impairments. This court rejects any invitation to find that the ALJ failed to account for Okert's limitations in some unspecified way. *See Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 692, n. 2 (9th Cir. 2009).

*C. Duty to develop the record*

Okert alleges the ALJ failed to properly consider obesity, the effect of pain and pain medication and all of his other limitations in combination, and this is an error the ALJ should have remedied by relying on medical experts. ECF No. 15 at

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

12-16.

The ALJ considered obesity and Okert's testimony as to pain and the effects of pain medication (Tr. 21-28). The RFC is based on the opinion of an examining physician (Tr. 27-28), on Okert's diminished credibility and on the record as a whole.

Okert alleges the ALJ failed adequately develop the record and should have relied on a medical expert to find a Listing was met or equaled at step three. Generally the duty to develop the record is triggered only when the evidence is ambiguous or insufficient to properly evaluate disability. The record was sufficient to evaluate Okert's claim and the record was not ambiguous. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The Commissioner notes the decision whether to consult a medical expert is entirely within the ALJ's discretion. ECF No. 17 at 14, citing 20 C.F.R. §§ 404.1527(f)(2)(iii), 416.927(f)(2)(iii). Further, SSR 96-6p provides that a medical expert is only required if, in the opinion of the ALJ or the Appeals Council, new evidence might change the outcome of a decision regarding whether the claimant equals a Listing. As the Commissioner points out, there was no new evidence.

It bears repeating that the claimant has the burden of producing medical evidence that establishes all the of medical findings contained in the Listings at step

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13

1    three. *See Bowen v. Yuckert*, 482 U.S. 137, 146 and n. 5 (9187).  Okert failed to do

2    so and fails to even indicate the Listing he feels is met or equaled.

3         There was no error at step three or in failing to rely on medical experts.

4         *D. Step four*

5         Okert alleges the RFC and hypotheticals fail to completely and accurately

6    include physical and mental limitations. ECF No. 15 at 17-19. This unhelpfully

7    restates the allegation that the ALJ failed to properly weigh the evidence. As noted,

8    the record fully supports the assessed RFC.

9         Okert cites SSR 83-12 with respect to sedentary and light jobs that require a

10   sit/stand option. ECF No. 15 at 18-19. The regulation is not applicable to Okert in a

11   favorable sense. The regulation's purpose is to clarify policies applicable when the

12   ALJ uses the Grids as framework, a situation not present in this case. Moreover, the

13   regulation goes on to note that there are some jobs in the national economy –

14   typically professional and managerial ones—in which a person can sit or stand with

15   a degree of choice. If an individual had such a job and is still capable of performing

16   it, he would not be found disabled. SSR 83-12 at pp. 1, 4.

17        This was the ALJ's finding. The second hypothetical included the ability to

18   change position every 30-60 minutes. Tr. 67. The VE testified a person with this and

19   the other assessed limitations would be able to perform some of Okert's past jobs.

20   There was no error at step four.

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 14

Although Okert alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 16**, is **granted.**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 15

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 27th day of September, 2013.

_S/ James P. Hutton_

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 16